**David HEARNE, Appellant,**

v.

**UNITED STATES, Appellee.**

**Nos. 92–CO–1056 & 92–CO–1086.**

District of Columbia Court of Appeals.

Argued June 17, 1993.
Decided Sept. 23, 1993.

Kenneth H. Rosenau, appointed by the court, for appellant.

Stephen J. Pfleger, Asst. U.S. Atty., with whom Jay B. Stephens, U.S. Atty. at the time the brief was filed, John R. Fisher and Joan Draper, Asst. U.S. Attys., were on the brief, for appellee.

John Payton, Corp. Counsel, Charles L. Reischel and Janet L. Maher, Deputy Corp. Counsel, and Karen Katz, Asst. Corp. Counsel, filed an amicus curiae brief on behalf of the District of Columbia.

Before ROGERS, Chief Judge, and TERRY and STEADMAN, Associate Judges.

STEADMAN, Associate Judge:

Appellant, confined to St. Elizabeth's Hospital pursuant to a judgment of not guilty by reason of insanity, filed a motion for release from the Hospital pursuant to D.C.Code § 24–301(k) (1989).[1] He had a lengthy hearing and was denied release in an extensive written opinion. We deal principally with appellant's contention that the trial court improperly placed the burden of proof on him to show his entitlement to release.

An insanity acquittee who has either regained his sanity or is no longer a danger to himself or society may no longer be confined in a mental institution pursuant to the insanity judgment. *Jones v. United States,* 463 U.S. 354, 370, 103 S.Ct. 3043, 3053, 77 L.Ed.2d 694 (1983). Our statute explicitly places the burden of proof on the insanity acquittee seeking release to prove his right to release by a preponderance of

1. That subsection permits an insanity acquittee who claims the right to be released from custody to file a motion for release once every six months, and to receive a hearing on his claim. § 24–301(k)(3), (5). An appeal to this court may be taken from an order entered under the subsection. § 24–301(k)(6).

the evidence.[2] Nonetheless, appellant claims that such a requirement must be held unconstitutional under the Supreme Court's decision in *Foucha v. Louisiana,* — U.S. —, 112 S.Ct. 1780, 118 L.Ed.2d 437 (1992). We find no merit in this contention.

In *Foucha,* the Court had before it a state law that permitted an insanity acquittee to be held in a mental institution until he was able to demonstrate that he was not dangerous, even though he no longer suffered from any mental illness. The state did not contend that Foucha was still mentally ill in any respect, only that he had an "antisocial personality." *Foucha, supra,* — U.S. at —, 112 S.Ct. at 1784. The Court said that such a condition was insufficient to permit further custody in a mental institution under the original insanity judgment. The Court thus struck down the law "which permit[ted] the indefinite detention of insanity acquittees who are not mentally ill but who do not prove they would not be dangerous to others." *Id.* — U.S. at —, 112 S.Ct. at 1787.

The *Foucha* opinion, however, proceeds from the postulate of a conceded recovery from mental illness. We see nothing in the *Foucha* ruling which mandates a ruling that the statutory placement of the burden of proof on the insanity acquittee to demonstrate his right to release in the first instance is unconstitutional.[3] To the contrary, in *Foucha* the Court relies heavily on its prior opinion in *Jones, supra,* a case which was taken on certiorari from our court to address a due process challenge to

the statutory scheme for insanity acquittees in the District. The *Jones* Court upheld that scheme insofar as it permitted indefinite custody until the acquittee was no longer mentally ill or dangerous. 463 U.S. at 370, 103 S.Ct. at 3053.

In *Reese v. United States,* 614 A.2d 506 (D.C.1992), we had occasion to consider *Jones* in connection with a challenge to the allocation of the burden of proof in the criminal commitment context. That appeal addressed the application of civil commitment standards to an insanity acquittee. In rejecting the claim with regard to the burden of proof, we quoted from our conclusion in *Jones v. United States,* 432 A.2d 364 (D.C.1981), *aff'd,* 463 U.S. 354, 103 S.Ct. 3043, 77 L.Ed.2d 694 (1983), that it was

> entirely rational for the District to require an acquittee to prove his entitlement to release where he was the one to advocate the fact of his past insanity.... As mentioned above, the presumption that a mental condition continues is a reasonable one and it is also reasonable to require the person who raised the presumption to refute it by affirmative proof.

*Reese, supra,* 614 A.2d at 514 (quoting *Jones, supra,* 432 A.2d at 374). We noted further that in affirming our *Jones* decision, the Supreme Court had specifically held that the Constitution permits the government to confine a defendant in a mental institution on the basis of the insanity judgment until such time as he has regained his

---

**2.** Subsection 24–301(k)(3) provides that "[o]n all issues raised by his motion, the person [in custody] shall have the burden of proof ... by a preponderance of the evidence." It was essentially undisputed in the case before us that appellant would be a danger to society if released. The only issue effectively before the trial court, therefore, was whether he was still mentally ill.

**3.** Appellant directs us to the *Foucha* court's quotation from *Jones, supra,* that a state may confine a mentally ill person if it shows "by clear and convincing evidence that the individual is mentally ill and dangerous," *Foucha, supra,* — U.S. at —, 112 S.Ct. at 1786 (quoting *Jones, supra,* 463 U.S. at 362, 103 S.Ct. at 3048), but this is simply a reference to the normal civil commitment standard necessary to justify custody of any mentally ill person. In context, we see no indication that the Court meant to suggest that such a standard applied in situations involving an insanity acquittee who is still mentally ill.

In addition, appellant invokes part III of the *Foucha* opinion, which was joined only by a plurality and which stated that equal protection principles would require treatment of an insanity acquittee who is no longer mentally ill in the same manner as a person civilly committed for mental illness. *Id.* — U.S. at —, 112 S.Ct. at 1788 (citing *Addington v. Texas,* 441 U.S. 418, 99 S.Ct. 1804, 60 L.Ed.2d 323 (1979)). This point is likewise inapplicable, however, since appellant in the instant case is still suffering from a mental illness.

sanity or is no longer a danger to himself or society. *Id.* at 514–15. While *Jones* did not deal directly with the question of the burden of proof in subsequent release motions, we see nothing in its reasoning nor in the narrow holding of *Foucha* which fairly calls into question the constitutionality of the statutory allocation of the burden in a section 24–301(k) proceeding. "Where the evidence weighs equally in favor and against release of the [insanity] acquittee, the court must deny release in order to protect the public's safety." *DeVeau v. United States,* 483 A.2d 307, 314 n. 16 (D.C.1984); *see also, e.g., Overholser v. O'Beirne,* 112 U.S.App.D.C. 267, 274, 302 F.2d 852, 859 (1961) (" 'reasonable medical doubts or reasonable judicial doubts are to be resolved in favor of the public' ") (quoting *Ragsdale v. Overholser,* 108 U.S.App. D.C. 308, 312, 281 F.2d 943, 947 (1960)).[4]

 Appellant also invokes *Foucha* in asking us to consider the question whether appellant's "anti-social personality disorder" found by the trial court would in itself suffice to warrant further custody at the Hospital. Such an inquiry, however, is unnecessary in this appeal. The trial court in addition found that appellant is still suffering from an "Axis I major mental illness" (residual schizophrenia) to which his dangerousness is attributable, which alone justified the denial of appellant's motion for release.[5]

*Affirmed*

---

**4.** The post-*Foucha* cases of *State v. Boudreaux,* 605 So.2d 608 (La.1992) and *In re Noel,* 17 Kan.App.2d 303, 838 P.2d 336 (1992), cited by appellant, are distinguishable. Dealing with a *Foucha*-type statute which authorized continued custody of an insanity acquittee on dangerousness alone, the courts in those cases imposed a requirement that the state prove a continued mental illness as well as dangerousness. The case of *Lidberg v. Steffen,* 492 N.W.2d 560 (Minn.App.1992), *review granted* (Jan. 15, 1993), appears to involve only a civil commitment.

**5.** Appellant's challenge to the sufficiency of the evidence to support the trial court's finding of continued mental illness is meritless. Expert

testimony in the record supports the conclusion, and the trial court was not compelled to accept appellant's testimony of dissimulation. *See* D.C.Code § 17–305(a) (1989); *In re S.P.,* 465 A.2d 823, 826 (D.C.1983) (in insufficiency claim, evidence reviewed in light most favorable to government, giving government benefit of all reasonable inferences). Likewise, we find no merit in appellant's argument that the trial court erred in not making an explicit finding that in-patient treatment was the least restrictive treatment. No such finding was requested, and it is evident that the trial court considered continued confinement in a mental hospital was a necessity. *See Reese, supra,* 614 A.2d at 509–511; *In re Artis,* 615 A.2d 1148, 1153 (D.C.1992).